Debbie A. JOHNSTON, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART, Commission-
er, Social Security Administra-
tion, Defendant—Appellee.

No. 02–36099.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided Feb. 20, 2004.

James Hunt Miller, Esq., Oakland, CA, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., SSA—Social Security Administration, Stephanie Martz, Esq., Office of the General Counsel, Assistant Regional Counsel, Seattle, WA, for Defendant–Appellee.

Before: TROTT, PAEZ, and BERZON, Circuit Judges.

### MEMORANDUM *

Debbie A. Johnston appeals the district court's judgment affirming the Commissioner of Social Security's determination that Johnston was not disabled. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The administrative law judge ("ALJ") concluded that Johnston had the residual functional capacity to perform the same type of light-level work she had performed in the past. In reaching this conclusion, the ALJ rejected the opinion of Johnston's treating physician, who opined that Johnston was disabled. Johnston contends that the ALJ failed to provide legitimate rea-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we discuss them only insofar as they are necessary to reach our decision.

sons for disregarding the opinion of her treating physician. We disagree.

■ An ALJ may reject a treating physician's opinion if he provides "specific and legitimate reasons" for doing so that are supported by "substantial evidence in the record." *Benton ex. rel. Benton v. Barnhart,* 331 F.3d 1030, 1036 (9th Cir.2003). The ALJ provided two "specific and legitimate reasons" for rejecting the treating physician's conclusion: (1) the treating physician's records showed that Prednisone eliminated Johnston's symptoms without any significant side effects and (2) the treating physician's charts revealed "relatively benign clinical findings."

Substantial evidence supports the ALJ's determination that Prednisone alleviated Johnston's symptoms. For example, on May 20, 1997, the treating physician's records indicate that Johnston was "feeling radically better after taking prednisone. Her aches resolved fully. She did not get manic this time. She felt really good." Similarly, the physician reported on January 22, 1999 that there was "significant improvement in her diffuse pain [that] occurred with steroids." The physician's records also reveal that Johnston herself requested prednisone on March 1, 1999. Even when Johnston had "flare-ups," the physician's records show that "Prednisone causes dramatic resolution of her pain." In short, there was ample evidence in the record of Prednisone's effectiveness to support the ALJ's decision to discredit the treating physician's ultimate conclusion.

As for the ALJ's second reason, the record reveals that on numerous occasions, the treating physician noted that Johnston had no joint inflammation. Additionally, the treating physician's records show that Johnston had a normal gait and manner of standing. Accordingly, we conclude that substantial evidence also supports the ALJ's determination that the treating physician's records revealed benign clinical findings.

■ Johnston also argues that the ALJ failed to consider the side-effects of her medication. Johnston's assertion ignores the ALJ's finding that "claimant's impairment related symptoms resolve rapidly with Prednisone, without any significant side effects noted at the current dosage level."

Because substantial evidence supports the specific and legitimate reasons offered by the ALJ for rejecting the treating physician's conclusion and because the ALJ took account of the possibility of Johnston's medication side-effects, we affirm.

AFFIRMED.